Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 JUN -6 PM 4: 37

THE PEOPLE OF GUAM,               )
                                  )     **CRIMINAL CASE NO. CF0440-12**
        vs.                       )
                                  )     **DECISION AND ORDER**
JOSEPH MUNA AVENA, JOSEPH         )
ANTHONY QUINTANILLA, JOAQUIN      )
LEE QUINTANILLA, and JERMAINE     )
QUINATA WHITE,                    )
                                  )
        Defendant.                )
                                  )
_____ )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Jermaine Quinata White's motion to suppress, filed January 22, 2013. Oral arguments were heard on February 18, 2013. Defendant Joseph Anthony Quintanilla joined the motion at oral argument and filed additional briefing on February 22, 2013. Defendant Joaquin Lee Quintanilla joined the motion on April 24, 2013. Assistant Attorney General Jesse J.N. Nasis appeared on behalf of the Government, attorney Jeffrey A. Moots represented Defendant Jermaine Quinata White, Assistant Public Defender Mikaela J. Silkey Henderson represented Defendant Joseph Anthony Quintanilla, and attorney Leevin T. Camacho represented Defendant Joaquin Lee Quintanilla. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendants are charged with theft by receiving stolen property based upon the following alleged events. On July 19, 2012 at 5:40 p.m., the Superior Court signed Search Warrant No. SW0018-12 and allowed the police to search a particular residence in Dededo for, "any and all stolen vehicles, vehicle parts, tools and equipment in which was used to obliterate

change/remove or disguise stolen vehicles." (Gov't Disc. 155-157, Feb. 18, 2013.)[1] The search warrant was based upon an affidavit of probable cause to believe that Justin Robert Bermudes Naputi drove a stolen Nissan truck that was disassembled and reassembled with other stolen truck parts at his mother's house in Dededo. (Testimony of Donald D. Nakamura, Record Log at 2:59, Feb. 18, 2013; Gov't Disc. 148-154, Feb. 18, 2013.) There was also probable cause to believe that the disassembled parts and other stolen parts and vehicles were located at the Dededo residence. *Id.*

On July 20, 2012 at approximately 6:00 a.m., a police S.W.A.T. team and multiple police officers executed the search warrant at the Dededo residence. (Testimony of Donald D. Nakamura, Record Log at 2:59.) The S.W.A.T. team secured the occupants of the premises in handcuffs before police officers interviewed the occupants and searched the premises. (Testimony of John P.T. Lizama, Record Log at 3:27, Feb. 18, 2013; Testimony of Saratino Artui, Record Log at 4:16, Feb. 18, 2013.)

Defendants Joseph Anthony Quintanilla and Jermaine Quinata White (hereinafter "Defendants") were not present when the search began. (Testimony of Ann Marie Cooper, Record Log at 3:35, Feb. 18, 2013.) They arrived at the scene in a vehicle shortly after 6:00 a.m. and were secured in handcuffs by S.W.A.T. officers. (Testimony of Ann Marie Cooper, Record Log at 3:35; Testimony of Saratino Artui, Record Log at 4:16.) During this time, Guam Police Officer Ann Marie Cooper interviewed Joseph Anthony Quintanilla's mother and Jermaine Quinata White's wife and learned that Defendants were occupants of the premises. (Testimony of Ann Marie Cooper, Record Log at 3:35.)

At 6:25 a.m., Guam Police Officer Saratino Artui transported Defendant Jermaine Quinata White to the police station for an interview. (Testimony of Saratino Artui, Record Log at 4:16.) At 7:50 a.m., Defendant Joseph Anthony Quintanilla was frisked and transported to

---

[1] The search warrant facts are not disputed and copies of the relevant discovery records were introduced by Defendants without objection at the suppression hearing on February 18, 2013. *See People v. Santos*, 1999 Guam 1 ¶¶ 19-23 (conflicting assertions may be resolved by all evidence presented at a suppression hearing where the Guam Rules of Evidence do not limit what may be presented and considered).

the police station for an interview with Officer Cooper. (Testimony of Ann Marie Cooper, Record Log at 3:35.) The frisk revealed a socket wrench nut tool in Defendant's pocket. *Id.* At the police station, Defendant Joseph Anthony Quintanilla was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) before he made statements about stolen vehicles and parts. *Id.*

The Government and Defendants stipulate that no evidence found at the residence was identified and confirmed to be stolen until sometime after 7:50 a.m. on July 20, 2012. (Record Log at 4:26, Feb. 18, 2013.)

On January 22, 2013, Defendant Jermaine Quinata White moved to suppress his statements to police because he was arrested without probable cause to believe that he committed an offense. Defendant Joseph Anthony Quintanilla joined the motion at oral argument and additionally argues that a seizure must be supported by probable cause particularized to the individual.

The Government did not file an opposition or written brief. At the suppression hearing, the Government argued that probable cause to arrest Defendants appeared during the search of the premises. On April 24, 2013, Defendant Joaquin Lee Quintanilla joined the motion without any factual assertion of a right to privacy in the area searched in relation to any evidence seized.

## DISCUSSION

### 1. Lawful Arrest

Under Guam law, "[a]n arrest is made by an actual restraint of the person." 8 GCA § 20.10. Handcuffs curtail the freedom of movement by actual restraint and constitute an arrest. *People v. Cundiff*, 2006 Guam 12 ¶¶ 19-20 (*quoting Sibron v. New York*, 392 U.S. 40, 67, 88 S.Ct. 1889 (1968)). An officer must have probable cause to support an arrest or his conduct is unconstitutional. *Id.* at ¶ 25 (*citing Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248 (1979)).

In this case, police S.W.A.T. officers physically restrained Defendants Joseph Anthony Quintanilla and Jermaine Quinata White in handcuffs when they arrived at the scene of a police search in progress. Defendants were then transported to the police station and questioned by

police.[2] It is undisputed that the officers did not obtain a warrant to arrest Joseph Anthony Quintanilla and Jermaine Quinata White. For this reason, the Court must examine whether the S.W.A.T. officers had probable cause to support the arrests. *See Cundiff*, 2006 Guam 12 at ¶ 25.

Under Guam law, the probable cause for an officer to make an arrest depends upon "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Cundiff*, 2006 Guam 12 at ¶ 26 (*quoting Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223 (1964)).

Based upon the evidence adduced at the suppression hearing, the Court does not believe that the Government has satisfied its burden to prove that the S.W.A.T. officers had probable cause to arrest Defendants when they arrived at the scene shortly after 6:00 a.m. *See Cundiff*, 2006 Guam 12 at ¶ 27. At the moment of arrest the S.W.A.T. officers may have known that Defendants were occupants of the premises to be searched.[3] Pursuant to *Summers*, 452 U.S. at 705, there may have been authority for the officers to detain Defendants on the premises until evidence was found to establish probable cause for an arrest. However, the officers transported Defendants to the police station and interrogated them before any evidence at the premises was identified as stolen. Therefore, the police did not have probable cause to believe that Defendants committed an offense at the time when Defendants were transported away from the premises and interrogated at the police station. *See Dunaway*, 442, U.S. at 216 (transport to

---

[2] Although initially detained during a search warrant, the arrests were exploited by police to gain more information through detention and involved the inconvenience and indignity associated with a compelled visit to the police station. The arrests were not so "substantially less intrusive" as to absolve the requirement of probable cause. *See Michigan v. Summers*, 452 U.S. 692, 701-702, 101 S.Ct. 2587 (1981) (*citing Dunaway*, 442 U.S. at 210) (substantially less intrusive seizures do not require probable cause).

[3] A S.W.A.T. officer also testified that he heard Jermaine Quinata White's name at a briefing prior to the execution of the search warrant. (Testimony of Erwin Aquino, Record Log at 4:25, Feb. 18, 2013.) However, the police detective who briefed S.W.A.T. officers testified that he identified no suspects at the briefing and that the search warrant and affidavit of probable cause which he prepared do not identify Jermaine Quinata White. (Testimony of Donald D. Nakamura, Record Log at 3:19, Feb. 18, 2013.) For these reasons, the alleged mention of Jermaine Quinata White was not reasonably trustworthy information sufficient to warrant a prudent man to believe that he committed an offense. *See Cundiff*, 2006 Guam 12 at ¶ 26.

police station for interrogation without probable cause violates Fourth Amendment). For this reason, the arrests of Defendants Joseph Anthony Quintanilla and Jermaine Quinata White were not supported by probable cause and the officers' conduct was unconstitutional.

## 2. The Exclusionary Remedy

Under Guam law, evidence derived from an unlawful arrest must be suppressed pursuant to the exclusionary rule and the fruit of the poisonous tree doctrine. *Cundiff*, 2006 Guam 12 at ¶ 41 (*citing Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963); *People v. Santos*, 2003 Guam 1 ¶ 64).[4] In order to suppress evidence under the fruit of the poisonous tree doctrine, the Court must determine "whether the challenged evidence was come at by exploitation of the initial illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Cundiff*, 2006 Guam 12 at ¶ 41; *Santos*, 2003 Guam 1 at ¶ 65 (*quoting Segura v. United States*, 468 U.S. 796, 805-805, 104 S.Ct. 3380, 3385 (1984)). In order to determine whether any custodial evidence is purged of the taint of the illegal detention, the Court should consider the totality of the circumstances, including: 1) the temporal proximity between the illegal detention and the evidence; 2) the presence of intervening circumstances; and 3) particularly, the purpose and flagrance of the illegal conduct. *Chargualaf*, 2001 Guam 1 at ¶ 53 (*citing Brown v. Illinois*, 422 U.S. 590, 603-604, 95 S.Ct. 2254, 2261-2262 (1975)).

In this case, Defendants were arrested shortly after 6:00 a.m. and made statements at the police station after 6:25 a.m. and 7:50 a.m. Police also discovered a socket wrench in Defendant Joseph Anthony Quintanilla's pocket at 7:50 a.m. The short passage of time between the illegal arrest and the collection of custodial evidence does not likely dissipate and purge the taint of the illegality. *See Brown*, 422 U.S. at 604-605 (statement separated from illegal arrest by less than two hours does not purge the taint of illegal arrest). A *Miranda* warning alone does

---

[4] *See also Nix v. Williams*, 467 U.S. 431, 442-443, 104 S.Ct. 2501, 2508 (1984) ("The core rationale consistently advanced by this Court for extending the exclusionary rule to evidence that is the fruit of unlawful police conduct has been that this admittedly drastic and socially costly course is needed to deter police from violations of constitutional and statutory protections. This Court has accepted the argument that the way to ensure such protections is to exclude evidence seized as a result of such violations notwithstanding the high social cost of letting

not purge the taint of the illegal arrest. *Id.* at 601-603. Furthermore, there are no intervening circumstances to purge the taint of the illegal arrest. *See Johnson v. Louisiana*, 406 U.S. 356, 365, 92 S.Ct. 1620, 1626 (1972) (lineup identification is purged of illegal arrest when conducted with counsel and after magistrate hearing to advise rights and commit under bail). Finally, it is particularly important here that the illegal arrest was conducted, in part, for the purpose of gathering evidence. Defendants were initially secured in handcuffs for the purposes of officer safety, search facilitation and to prevent escape. (Testimony of Ann Marie Cooper, Record Log at 3:35.) However, Defendants were subsequently transported to the police station and interrogated before evidence was found to establish probable cause for an arrest. Defendants were "seized without probable cause in the hope that something might turn up, and confessed without any intervening event of significance." *Dunaway*, 442 U.S. at 218. For these reasons, the custodial evidence is not purged of the primary taint of the illegal arrest and it shall be excluded under the fruit of the poisonous tree doctrine.

### 3. Defendant Joaquin Lee Quintanilla

On April 24, 2013, Defendant Joaquin Lee Quintanilla joined the motion to suppress after the suppression hearing and without any factual assertion of a right to privacy in the area searched in relation to any evidence seized. At this time, Defendant Joaquin Lee Quintanilla lacks standing to challenge the search and his motion to suppress is denied. *See Rakas v. Illinois*, 439 U.S. 128, 130 n.1, 99 S.Ct. 421, 424 n.1 (1978) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.").

///

///

///

persons obviously guilty go unpunished for their crimes. On this rationale, the prosecution is not to be put in a better position than it would have been in if no illegality had transpired.").

## CONCLUSION

Based upon the foregoing, Defendants Joseph Anthony Quintanilla and Jermaine Quinata White's motion to suppress is hereby GRANTED and the custodial evidence collected after their illegal arrests shall not be admissible against them at trial.

Defendant Joaquin Lee Quintanilla's motion to suppress is hereby DENIED for lack of standing.

**SO ORDERED** this _6TH_ day of June, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 0 6 2013

James R. Borja
Deputy Clerk, Superior Court of Guam